UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                              Case No. 8:09-bk-27844-CED
                                                                    Chapter 13
Donald R. Brown and Rebecca J. Brown,

     Debtors.
_____/

**MEMORANDUM OPINION AND ORDER ON
DEBTORS' MOTION TO DETERMINE IRS INDEBTEDNESS,
ABATE VIOLATION OF STAY/DISCHARGE INJUNCTION AND SANCTIONS**[1]

In this case, the IRS filed a claim that listed its claim for penalties and interest as a general unsecured claim and did not object to confirmation of a chapter 13 plan that treated the penalty portion of the IRS's claim as a non-priority general unsecured claim. The Debtors contend that their hardship discharge extinguishes this portion of the claim. But the listing in a proof of claim or failure to object to plan treatment does not render dischargeable a debt that is clearly statutorily nondischargeable under 11 U.S.C. § 523(a)(7). For the reasons set forth below, the Court concludes the IRS's general unsecured claim is not discharged, and the Debtors' Motion will be denied.

**Background**

The IRS filed a claim in the Debtors' Chapter 13 bankruptcy case totaling $303,229.86 comprised of $226,180.25 in unsecured priority debt and $77,040.61 in general unsecured debt.[2] "The unsecured priority debt is unpaid income taxes [from] 2006, 2007, and 2008 and the

---

[1] This case came on for a hearing on December 15, 2014, on the Debtors' Motion to Determine Tax Liability and Abate Violation of Stay/Discharge Injunction and Sanctions ("Motion") (Doc. No. 119) and the Internal Revenue Service's ("IRS") Response in Opposition (Doc. No. 122).

[2] Claim No. 2-1.

general unsecured debt is penalties and interest on penalties for those same years."[3] The Debtors' Chapter 13 Plan (the Plan),[4] confirmed on December 10, 2010,[5] provides for the IRS priority claim and proposes to pay unsecured claims, including the IRS general claim, at 100%.[6] Until July 8, 2011, the Debtors made the requisite Plan payments. The Debtors' income did not increase as anticipated and on December 1, 2011, the Plan was amended to reflect the surrender of their homestead real estate and rental property and to alter payments accordingly.[7] This amendment also decreased the amount provided to unsecured creditors from $181,667.38 to $75,000. The Debtors' Plan was amended a second time in January 2013, altering payments and decreasing the amount allowed to the general unsecured creditors from $75,000 to $3,266.98.[8] The Debtors made payments under this scheme until January 2013. On January 4, 2013, the Debtors owed the IRS $124,623.58 in priority and $30,998.99 in non-priority debt.[9]

Unfortunately, the Debtors were unable to make the Plan payments. Recognizing the IRS debt as the vast majority of their remaining liability, the Debtors attempted to work out an alternative arrangement with the IRS. These efforts proved unsuccessful within the bankruptcy context but, the Debtors contend, the IRS agent recommended they file for a hardship discharge

---

[3] Doc. No. 122.

[4] Doc. No. 31.

[5] Doc. Nos. 68 & 73.

[6] The initial Confirmation Order (Doc. No. 73) provided for payments in the sum of $1,000 for three months, until April 3, 2010; $6,000 for the next twenty months, until December 3, 2011; and $8,948 for the final thirty-seven months.

[7] The Amended Confirmation Order (Doc. No. 90) provided for payments commencing August 3, 2011, in the sum of $1,500 per month for seventeen months, until January 3, 2013; and commencing January 3, 2013, in the sum of $8,949 per month for the remaining twenty-four months of the Plan.

[8] The Second Amended Confirmation Order (Doc. No. 98) reduced the $8,949 payments to $5,655 for the life of the Plan.

[9] Doc. No. 115.

to discharge the IRS general unsecured claim and then resolve the remaining priority debt outside of bankruptcy. The Debtors took this advice and filed a Motion for a Hardship Discharge under 11 U.S.C. § 1328(b) on February 16, 2013.[10] The Court granted the Hardship Discharge specifying "the remaining balance due on the priority tax claim filed by the Internal Revenue Service (Claim No. 2) shall not be discharged, and shall remain nondischargeable upon the entry of any Discharge of Debtors in this case."[11] The Debtors received a hardship discharge effective March 22, 2013,[12] and their bankruptcy case was closed.

After the discharge, the IRS continued its collection efforts asserting the general unsecured debt remained part of the Debtor's tax liability. The Debtors complain the IRS's collection efforts, with respect to the general unsecured debt, violate the Discharge Order. They object to the IRS offsetting their 2012 income tax return and levying their bank accounts on May 6, 2013. In July 2013, trying to resolve their tax debt, the Debtors submitted an Offer to the IRS. In the Offer, and during subsequent communications with the IRS, the Debtors continued to assert the general unsecured debt should not be included in the calculation of their indebtedness. Debtors made proposed payments on a monthly basis according to their Offer, but the IRS rejected their Offer and continued to seek to collect both the priority and general unsecured tax debt.

The Court must now determine if a hardship discharge under Bankruptcy Code § 1328(b) discharges the IRS's general unsecured debt where the IRS asserts both a priority claim and a general unsecured claim, did not object to a plan that treated their general unsecured claim the same as other unsecured claims, encouraged the Debtors to pursue a hardship discharge, and at

---

[10] Doc. No. 103.

[11] Doc. No. 107.

[12] Doc. No. 111.

no time prior to the instant proceedings specifically indicated the IRS intended to seek payment of their general unsecured claim after the hardship discharge.

## Conclusions of Law

A hardship discharge under 11 U.S.C. § 1328(b) is subject to the exceptions outlined in 11 U.S.C. § 523(a).[13] Relevant here are the exceptions related to tax debt (11 U.S.C. § 523(a)(1)) and tax penalties (11 U.S.C. § 523(a)(7)). Section 523(a)(1) excepts from discharge unsecured government claims for incomes taxes due within the three years prior to the bankruptcy filing, regardless of whether the government's claim was filed or allowed. Section 523(a)(7) excepts from discharge the penalties related to the taxes exempted from discharge under 11 U.S.C. § 523(a)(1). The Eleventh Circuit in *Burns v. U.S.*, confirmed this interpretation of the Code provisions, stating "[a] tax penalty is discharged if the tax to which it relates is discharged … or if the transaction or event giving rise to the penalty occurred more than three years prior to the filing of the bankruptcy petition."[14]

According to the IRS's proof of claim, the general unsecured claim is the "penalty to date of petition on unsecured priority claims (including interest thereon)."[15] This claim falls within the exception to discharge outlined in §523(a)(7) because it is a penalty payable to a governmental unit, the U.S. Government, relating to the type of tax specified in 11 U.S.C. § 523(a)(1) and the penalty was incurred within three years of December 4, 2009, the date of the petition.

Despite the applicable § 523 exceptions to discharge, the Debtors appear to argue the circumstances here require the Court to consider the IRS's general unsecured claim discharged.

---

[13] 11 U.S.C. § 1328(c)(2).

[14] 887 F.2d 1541, 1544 (11th Cir. 1989).

[15] Claim 2-1.

The Debtors generally assert because the IRS did not express its intent to pursue the general unsecured debt earlier in the case, the IRS cannot now recover this debt under theories of laches, acquiescence and waiver, and estoppel. Specifically, the Debtors argue that because the IRS failed to affirmatively state its intent to treat the general unsecured claim as a nondischargeable claim, the IRS is now bound by the proof of claim, confirmed plan, and discharge order which, the Debtors assert, render the general unsecured claim dischargeable. Despite the Debtors' assertions, these equitable doctrines cannot be used here to override the clear mandate of the Code.

The Debtors first argue under 11 U.S.C. § 502(a) and Fed. R. Bankr. P. 3001(f), once filed, a proof of claim is final and since the IRS did not modify its claim, it is binding. Furthermore, the Debtors argue, if the IRS wanted to claim the general unsecured portion as a priority claim it had ample opportunity to do so. In particular, according to the Debtors, because the proof of claim form (Official Form B10) and § 507(a)(8)(A)(i) provide avenues for the IRS to list the general unsecured claim as a priority claim and the IRS did not assert this priority, the IRS's current attempts to collect the general unsecured debt violate a final binding determination of the Court (the proof of claim).

Despite Debtors' arguments, § 502(a) only provides that a claim is deemed allowed unless an objection is raised, and Fed. R. Bankr. P. 3001(f) does nothing more than give evidentiary effect to the proof of claim. As the Ninth Circuit explained in *In re Los Gatos*, these provisions simply operate to outline the procedure for allocating burdens of proof and persuasion in determining if a claim is allowable.[16] Section 502(a) and Rule 3001(f) do not render the proof

---

[16] 278 F.3d 890, 894 (9th Cir. 2002) (citing *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000)).

of claim final and unassailable, nor do they trump express provisions of the Code providing exceptions to a hardship discharge.

The Debtors' second argument is that 11 U.S.C. § 1327(a) binds the IRS to the arrangement laid out in the Confirmation Order. The Debtors are correct that a confirmed plan outlines the terms upon which claims are to be settled and § 1327(a) binds all creditors to those terms. However, § 1327 does not extinguish claims and cannot be interpreted to discharge statutorily nondischargeable debt. In the case of *Newman v. United States*, the court concluded that the IRS was free to pursue the debtor for unpaid tax liabilities after the debtor received a discharge.[17] *Newman* was a Chapter 11 case and the Court based its decision on an interpretation of § 1141(d)(2), which provides that a Chapter 11 discharge "does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." The same § 523 exceptions apply to the hardship discharge the Debtors received in this case.[18] It follows that like in *Newman*, plan confirmation does not render dischargeable statutorily nondischargeable debt, regardless of the IRS's actions or inactions during confirmation.

Finally the Debtors argue that the U.S. Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*[19] requires the Court to find that the IRS's general unsecured claim has been discharged. However, the differences between *Espinosa* and the instant case preclude this determination. In *Espinosa* the debt at issue was student loan debt.[20] Student loan debt may be discharged after a hardship determination under 11 U.S.C. § 523(a)(8). Neither the debtor in *Espinosa*, nor the court, nor any other party in interest, initiated this process. Instead the debtor

---

[17] *Newman v. United States (In re Newman),* 402 B.R. 908, 913 (M.D. Fla. 2009) (Glenn, J.).

[18] 11 U.S.C. § 1328(c)(2).

[19] *Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

[20] *Espinosa*, 559 U.S. at 264, 130 S. Ct. at 1374.

completed his plan payments and received a discharge under § 1328(a) discharging the portion of the student loan debt listed as dischargeable in the plan.[21] The creditor later attempted to collect the outstanding student loan debt.[22] The U.S. Supreme Court determined the debt was properly discharged absent the hardship determination because the creditor had actual notice of the plan's treatment of the student loan debt and failed to object.[23] Here the Debtors did not complete their plan payments but received a hardship discharge under § 1328(b), and the disputed claims consist of tax debt governed by § 523(a)(7) not student loan debt subject § 523(a)(8). As the Supreme Court notes in *Espinosa*, unlike other subsections of 11 U.S.C. § 523, § 523(a)(8) provides an avenue for the dischargeability of student loan debt.[24] Section 523(a)(7) does not provide a similar avenue to discharge the type of tax debt at issue here. Therefore *Espinosa* is distinguishable from the instant circumstances and does not support a finding that the IRS general unsecured debt is discharged.

The dischargeability of the IRS's general unsecured claim is governed by the Code. The claim relates to a penalty stemming from the nonpayment of nondischargeable priority claims. It is clear from the Code and judicial interpretations that the dischargeability of a penalty depends on whether it is tied to a designated tax debt and whether that debt is dischargeable.[25] This penalty relates to a nondischargeable tax debt and therefore is not dischargeable.

---

[21] *Espinosa*, 559 U.S. at 265-266, 130 S. Ct. at 1374.

[22] *Espinosa*, 559 U.S. at 266, 130 S. Ct. at 1374.

[23] *Espinosa*, 559 U.S. at 268, 130 S. Ct. at 1376.

[24] See *Espinosa*, 559 U.S. at 273 n. 10, 274 n. 11, 277 n. 13, 130 S. Ct. at 1379 n. 10 & 11, 1381 n. 13, for a discussion of the differences between the various section 523 exceptions to discharge.

[25] *United States v. Amici*, 197 B.R. 696, 698 (M.D. Fla. 1996) (citing *In re Burns*, 887 F.2d 1541, 1544 (11th Cir. 1989); *In re Roberts*, 906 F.2d 1440, 1444 (10th Cir. 1990); *McKay v. U.S.*, 957 F.2d 689, 693 (9th Cir. 1992)).

The IRS's violation of the automatic stay or Discharge Order hinges on the dischargeability of the IRS's general unsecured debt. If it is not dischargeable, then there cannot be a violation of the Discharge Order and, as long as the IRS did not try to recover the debt prior to the discharge, there is no violation of the automatic stay. The general unsecured debt the IRS is attempting to collect is nondischargeable. Therefore, the IRS's post-discharge collection attempts do not violate the Discharge Order. The complained of collection efforts occurred on May 6, 2013. The Discharge Order was entered on August 22, 2013, *nunc pro tunc* to March 22, 2013. The IRS's collection efforts occurred after March 22, 2013, and therefore do not violate the automatic stay.

## Conclusion

Based on the Court's conclusion that the IRS's general unsecured debt is nondischargeable, the Debtors' Motion to Determine Tax Liability and Abate Violation of Stay/Discharge Injunction and Sanctions shall be denied. Accordingly, it is

**ORDERED**:

1. The Motion (Doc. No. 119) is DENIED.

2. The IRS's general unsecured claim is not discharged.

3. The Debtors' request for sanctions is denied.

4. Within 30 days, the IRS shall provide to the Debtors an accounting of their outstanding tax liability, less offsets, levy, and offer payments.

**DATED:** May 20, 2015

Michael G. Williamson
United States Bankruptcy Judge

Attorney Thaddeus Freeman is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.